(50 App. Div. 450.)

### EBERLE v. KREBS et al.

(Supreme Court, Appellate Division, Second Department. April 14, 1900.)

1. NEWSPAPER—PUBLICATION OF PROCESS—COMPENSATION.
    Where a newspaper publishes a summons on the designation of a judge, and no special contract as to compensation is made, it can only require the compensation authorized by law.

2. SAME—AFFIDAVIT OF PUBLICATION.
    Where a newspaper refuses to furnish an affidavit of publication of summons required by law, an order directed, not against the printer or publisher, or his foreman or principal clerk, by whom the statute requires proof of the publication of summons to be made, but commanding the newspaper, by name, to furnish and deliver the prescribed affidavit, where there is no proof whatever that any corporation exists, known by the name of the newspaper, is erroneous, as seeking to compel one not a party to compel one in its employ to make an affidavit.

3. SAME—PROCEDURE TO COMPEL.
    Where a newspaper has published a summons under an order of court, and refuses to make affidavit of the fact on payment of the legal fee, the proper remedy is under Code Civ. Proc. § 885, providing that, where the deposition of one not a party to an action is required on the hearing of a motion, such person may be compelled to go before a referee appointed by the court and testify.

Appeal from special term, Queens county.

Action by Caroline Eberle against Philip Krebs and others. From an order directing the New York Journal and Advertiser to furnish

an affidavit of publication of a summons, said New York Journal and Advertiser appeals. Reversed.

Argued before GOODRICH, P. J., and BARTLETT, HATCH, WOODWARD, and HIRSCHBERG, JJ.

Samuel Bitterman, for appellant.
John Brunnemer (Michael H. Curran, on the brief), for respondent.

WILLARD BARTLETT, J. The plaintiff in this proceeding has mistaken her remedy. The action is a foreclosure suit, in which the order for the service of the summons by publication provided that it be published in the New York Journal and Advertiser once a week for six successive weeks. The plaintiff's attorney swears that publication of the summons has been duly made, and that he has tendered to the person in charge of the New York Journal and Advertiser the sum of $10,—that being the legal fee for said publication,—and has demanded an affidavit of such publication, but that the person in charge refused to give the affidavit, and that the representative of the newspaper claims that the sum due for publishing the summons is $59.40, and refuses to give the affidavit unless that amount is paid. Upon an affidavit setting out these facts, the plaintiff moved for the order from which this appeal is taken. No papers were read in opposition to the motion, and the application was granted. "The newspaper in question," said the learned judge at special term, "was not bound to publish the summons herein; but, having accepted the designation of the judge who made the order, it can only require the payment of the compensation prescribed by law." In this view we concur, assuming that no special contract was made between the plaintiff and the publisher of the newspaper in reference to the compensation to be paid for publishing the summons. But the refusal of the publisher, or other proper person in his service, to give the affidavit required by section 444 of the Code of Civil Procedure, did not entitle the plaintiff to relief in the form of the order under review. That order is directed, not against the printer or publisher, or his foreman or principal clerk, by whom the statute requires proof of the publication of the summons to be made, but, in terms, commands the New York Journal and Advertiser to furnish and deliver the prescribed affidavit. There is no proof whatever in the case that any corporation exists which is known as the New York Journal and Advertiser, and certainly it cannot be held that the order runs against any person thus designated. Even if it did appear that there was a corporation of this name, by which the newspaper was published, we think it would hardly be within the power of the court, by an order in this action, to which the corporation is not a party, to compel such publisher to, in turn, compel one of its employés to make an affidavit. The true remedy of the appellant, under the facts of the case as they are made to appear in this proceeding (and we must assume that they are truly stated in the affidavit of the plaintiff's attorney, since that affidavit is not contradicted), seems to be indicated by section 883 of the Code of Civil Procedure. Provision is made therein for com-

pulsory proceedings to take the affidavit of a person not a party to an action, for use in making a motion in a court of record. The person whose affidavit is required, under section 444 of the Code, as proof of publication of the summons upon an application for judgment in a foreclosure suit, may be compelled to make an affidavit under section 885, and may be punished if he refuses to do so. The provisions of the latter section afford the plaintiff a simple and easy method of procuring the desired proof.

The order appealed from must be reversed, but without costs, and without prejudice to an application to procure the testimony of the publisher of the New York Journal and Advertiser, under section 885 of the Code of Civil Procedure. All concur.