STAR CO. v. MOORE et al.

(Supreme Court, Appellate Term.   February 5, 1909.)

1. NEWSPAPERS (§ 5*)—LEGAL NOTICES—COMPENSATION—AMOUNT.

Under Code Civ. Proc. § 3317, permitting publishers to charge a certain rate for publishing legal notices, such as the summons, etc., required by law to be published, where no express rate was agreed upon, a publisher was only entitled to the rate fixed by statute.

[Ed. Note.—For other cases, see Newspapers, Cent. Dig. §§ 23, 24; Dec. Dig. § 5.*]

2. COURTS (§ 237*) — APPELLATE TERM—APPEAL TO APPELLATE DIVISION—CONSTITUTIONALITY OF STATUTE.

Though judgment is affirmed by the Appellate Term, where plaintiff attacks the constitutionality of the statute on which judgment is based, he will be permitted to appeal to the Appellate Division.

[Ed. Note.—For other cases, see Courts, Dec. Dig. § 237.*]

---

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by the Star Company against William Clifford Moore and others, copartners, doing business as Moore, Wheeler & Bleecker. From a judgment in part for plaintiff, it appealed. Affirmed, with leave to appeal to the Appellate Division.

Argued before GILDERSLEEVE, P. J., and GIEGERICH and SEABURY, JJ.

Clarence J. Shearn, for appellant.
Moore, Wheeler & Bleecker, pro se. .

GILDERSLEEVE, P. J. The action is for what plaintiff claims to be the fair and reasonable value of publishing a summons and notice in plaintiff's newspaper for defendants, who are lawyers. The plaintiff introduced evidence tending to show that the reasonable value was $279. Defendants claim that, as no express rate or charge was agreed upon, the statutory rate fixed by section 3317, Code Civ. Proc., applied. The publication was what is called "legal notice," and the statute above cited covers such publications as "summons, notice, order, citation, or other advertisement required by law to be published, other than Session Laws," and fixes the rates which the newspaper is entitled to charge. These rates defendants are willing to pay, and judgment for that amount has been given.

The cases of Eberle v. Krebs, 50 App. Div. 450, 64 N. Y. Supp. 246, and Press Publishing Co. v. Baker (Com. Pl.) 13 N. Y. Supp. 822, appear to uphold defendants' contention, and the judgment should be affirmed; but, as plaintiff attacks the statute as unconstitutional, leave should be given to plaintiff to appeal to the Appellate Division.

Judgment affirmed, with costs, with leave to appeal to the Appellate Division.

GIEGERICH, J., concurs.

SEABURY, J. I concur, upon the ground that the proprietor of the newspaper was not obliged to accept the advertising, and, having done so, its consent to render the service at the rate prescribed by statute is implied.